Stephen M. Rummage, (*Pro hac vice to be filed*)
Jonathan M. Lloyd, (*Pro hac vice to be filed*)
Sam N. Dawood (Cal. Bar No. 178862)
DAVIS WRIGHT TREMAINE LLP
505 Montgomery Street, Suite 800
San Francisco, California 94111-6533
Telephone: (415) 276-6500
Facsimile:  (415) 276-6599
Email: steverummage@dwt.com
       samdawood@dwt.com
       jonathanlloyd@dwt.com

Attorneys for the Federal Deposit Insurance Corporation,
as Receiver for Defendant Washington Mutual Bank

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| SIDNEY SCHOLL, <br><br> Plaintiff, <br><br> v. <br><br> WASHINGTON MUTUAL BANK, FA (aka Washington Mutual Bank), a Washington corporation; JERRY GILL; CHARLES BOWLING; MARK D. ROHDE; MARK IV APPRAISALS, INC., an Oklahoma corporation; TURN-KEY APPRAISAL SERVICES, LLC, an Oklahoma limited liability corporation; and ROHDE APPRAISAL SERVICES, <br><br> Defendants. | Case No. 5:08-cv-03977 (SC) <br><br> CLASS ACTION <br><br> **STIPULATION AND [PROPOSED] ORDER TO EXTEND STAY OF PROCEEDINGS** |

This stipulation is entered into by and among the Federal Deposit Insurance Corporation ("FDIC"), as the duly appointed Receiver for defendant Washington Mutual Bank ("WMB"), and plaintiff Sidney Scholl ("Plaintiff"), as follows:

WHEREAS, on September 25, 2008, the Office of Thrift Supervision ("OTS") closed WMB;

WHEREAS, pursuant to Section 1821(c) of the Federal Deposit Insurance Act (the "Act"), 12 U.S.C. § 1821(c), the OTS duly appointed the FDIC as Receiver for WMB;

WHEREAS, the FDIC allocated WMB's assets and liabilities pursuant to a Purchase & Assumption Agreement (the "P&A Agreement"), dated September 25, 2008, among the FDIC acting in its corporate capacity, the FDIC acting as the duly appointed Receiver for defendant WMB, and JPMorgan Chase Bank, N.A. ("Chase"). The P & A Agreement transfers to Chase "all right, title, and interest of the Receiver in and to all of the assets" of WMB, specifically including "all mortgage servicing rights and obligations." The FDIC-Receiver retained "any liability associated with borrower claims for payment or any liability to any borrower for monetary relief, or that provide for any other form of relief to any borrower…related in any way to any loan or commitment to lend made by [WMB] prior to failure…or otherwise arising in connection with [WMB's] lending or loan purchase activities";

WHEREAS, on December 1, 2008, pursuant to stipulation of the parties and court order, the FDIC has been substituted for WMB as the real party in interest and the action was stayed for 90 days pursuant to Section 1821(d)(12) of the Act;

WHEREAS, on or about March 3, 2009, Plaintiff filed an administrative claim with the FDIC as Receiver for WMB pursuant to Section 1821 of the Act, which requires Plaintiff to file said claim as a prerequisite to proceeding with a lawsuit in court;

WHEREAS, on March 31, 2009, the FDIC moved the Court for a stay pending exhaustion of mandatory administrative claims process pursuant to Sections 1821(d)(3)-(13) of the Act.

WHEREAS, in an Order entered June 5, 2009, the Court dismissed defendants Jerry Gill, Mark IV Appraisals, Inc., Mark D. Rohde and Rohde Appraisals from the case with prejudice for lack of personal jurisdiction and stayed this case as to all remaining parties until the earlier of the date on which the FDIC grants or denies Plaintiff's administrative claim, or August 31, 2009;

WHEREAS, in a letter to Plaintiff dated July 27, 2009, and pursuant to 12 U.S.C. § 1821(d)(5)(A)(ii), the FDIC sought an extension of the claims determination period to February 26, 2010 to permit it to review Plaintiff's claim more thoroughly before determining whether to allow or disallow that claim;

DAVIS WRIGHT TREMAINE LLP

WHEREAS, Plaintiff has agreed to the FDIC's request to extend the claims determination period to February 26, 2010; and

WHEREAS, Plaintiff has agreed to enter this Stipulation to provide the FDIC the time it requests to adjudicate Plaintiff's underlying administrative claim because Plaintiff believes that any determination by the FDIC regarding the allowance or disallowance of any part of Plaintiff's administrative claim may affect the nature and/or scope of Plaintiff's claims in this action, including any damages that Plaintiff is seeking against the FDIC as Receiver for WMB.

**NOW, THEREFORE, IT IS HEREBY STIPULATED** by the parties, through their respective counsel of record, that:

1. The current stay of this case as to all remaining parties, currently scheduled to expire on the earlier of the date on which the FDIC grants or denies Plaintiff's administrative claim, or August 31, 2009, shall be extended to expire on the earlier of the date on which the FDIC grants or denies Plaintiff's administrative claim, or February 26, 2010.

2. This stipulation does not prejudice or otherwise affect any party's right to seek or oppose any additional relief from the Court, including a further stay of proceedings, and does not affect Chase's "right, title, and interest" to the assets it acquired under the P&A Agreement, including its ability to approve any short sale of those assets.

DAVIS WRIGHT TREMAINE LLP

Dated: August 10, 2009       By */s/ Sam. N. Dawood*
Stephen M. Rummage, (*Pro hac vice to be filed*)
Jonathan M. Lloyd, (*Pro hac vice to be filed*)
Sam N. Dawood (Cal. Bar No. 178862)
505 Montgomery Street, Suite 800
San Francisco, California 94111-6533
Tel: (415) 276-6500
Fax: (415) 276-6599
samdawood@dwt.com

Attorneys for the Federal Deposit Insurance Corporation, as Receiver for Washington Mutual Bank

SPECTER, SPECTER, EVANS & MANOGUE, P.C.

Dated: August 10, 2009

By */s/ Wyatt A. Lison*
Wyatt A. Lison (*pro hac vice*)
26th Floor, Koppers Building
436 Seventh Avenue
Pittsburg, PA 15219
Tel: (412) 642-2300
Fax: (412) 642-2309
wlison@ssem.com

Attorneys for Plaintiff

**ORDER**

Based on the foregoing stipulation of the Parties,

**IT IS HEREBY ORDERED THAT:**

1. This action shall be stayed until the earlier of the date on which the FDIC grants or denies Plaintiff's administrative claim, or February 26, 2010.

2. This stipulation does not prejudice or otherwise affect any party's right to seek or oppose any additional relief from the Court, including a further stay of proceedings, and does not affect Chase's "right, title, and interest" to the assets it acquired under the P&A Agreement, including its ability to approve any short sale of those assets.

Dated: August 13, 2009



_____
Hon. Samuel Conti
United States District Judge

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that, on August 10, 2009, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

>Janet Lindner Spielberg - jlspielberg@jlslp.com
>Michael David Braun - service@braunlawgroup.com
>Wyatt A. Lison – wlison@ssem.com

I further certify that, on August 10, 2009, I caused a copy of the foregoing to be sent via U.S. Mail, postage pre-paid to the following:

>Charles Bowling
>P.O. Box 1573
>Noble, OK 73068

DATED this 10th day of August, 2009.

>Davis Wright Tremaine LLP
>Attorneys for the Federal Deposit Insurance Corporation, as Receiver for Washington Mutual Bank
>
>By */s/ Sam N. Dawood*
>   Sam N. Dawood, (Cal. Bar No. 178862)